CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 16 2011

JULIA C. DUDLEY, CLERK
BY: DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| LARRY QUARLES, ) | Civil Action No. 7:11-cv-00217 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WARDEN JEFFREY DILLMAN, et al., ) | By: Hon. James C. Turk |
| Defendants. ) | Senior United States District Judge |

Larry Quarles, a Pennsylvania prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1331. Plaintiff names as defendants Warden Jeffrey Dillman, Assistant Warden Kevin Pickerel, John Gardman, and staffer Cynthia Matthews. Plaintiff alleges that these officials approved his transfer to the Structured Living Unit ("SLU") at the Green Rock Correctional Center ("GRCC"). This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing the complaint, the court dismisses the action without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his verified complaint. On January 4, 2011, Pickerel and Matthews recommended that plaintiff be placed in the SLU for extra punishment. Plaintiff's refusal to go caused him to receive two charges, fifty days, and an increased security level; to be transferred; and to lose a prison job and access to educational opportunities. Dillman and Garman approved the transfer. Plaintiff requests as relief a polygraph, to know whether a policy for SLU exists, and one million dollars from each defendant.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and

constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, plaintiff's classification or transfer does not exceed a sentence in such an extreme way as to give rise to the protection of the Due Process Clause by its own force. See Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship). Nor does an increase in security classification constitute an "atypical and significant" hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (rejecting a prisoner's argument that a pending warrant and detainer adversely affected his prison classification and qualification for institutional programs because not "every state action carrying adverse consequences for prison inmates automatically activates a due process right"). Even if plaintiff alleges that the defendants violated VDOC procedures by changing plaintiff's housing, a claim that prison officials have not followed their own policies or

3

procedures also does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

Furthermore, inmates have no constitutional right to job or educational opportunities while incarcerated. See, e.g., Rhodes v. Chapman, 452 U.S. 337, 348 (1981) (no Eighth Amendment right to classes); Hernandez v. Johnston, 833 F.2d 1316 (9th Cir. 1987) (no due process right to classes); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980). Because inmates have no independent constitutional right to a prison job, prison officials may generally terminate an inmate from his job for any reason without offending federal due process principles. Courts of Appeals consistently hold that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest. Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995). See, e.g., Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding that inmates have no protected property interest in continuing in work-release program); Flittie v. Solem, 827 F.2d 276, 279 (8th Cir.1987) (opining that inmates have no constitutional right to be assigned to a particular job); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986) (concluding that the Constitution does not create a property interest in prison employment); Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986) (stating that assignment to job as law clerk does not invest inmate with a property interest in continuation as such); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980) (holding that prisoner's expectation of keeping prison job does not amount to a property interest subject to due process protection); Bryan v. Werner, 516 F.2d 233, 240 (3d Cir.1975) (reasoning that inmate's expectation of keeping job is

4

not a property interest subject to due process protection). Accordingly, plaintiff fails to state a claim upon which relief may be granted, and the court dismisses his complaint without prejudice.

III.

For the foregoing reasons, the court dismisses the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff.

**ENTER**: This 16th day of May, 2011.

Senior United States District Judge